[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this action the plaintiff seeks damages from defendants, his former tenants on a month to month lease, for failure to pay rent for four months from January 1997 to April 1997. The agreed upon rent was $750.00 per month. In addition the plaintiff claims damages for clean up and repair of the condominium at a cost of $876.32.
Defendants stipulated that the rent in the total amount of CT Page 13816 $3,000.00 was due and owing. Defendants defended specially to the claim for clean up and repair claiming asserting that any damage to the premises was the result of reasonable wear and tear.
In count one of a counterclaim the defendant claims that the plaintiff violated § 36a-646 and § 36a-647 of the General Statutes, the Creditors Collection Practices Act and the Regulations Adopted pursuant to § 36a-647 of said Act. This count alleges the plaintiff made numerous phone calls at the place of employment of the defendants intending to harass the defendants and fellow employees of the defendants.
In count two of the counterclaim defendants assert that the actions of the plaintiff constitutes a violation of the Connecticut Unfair Practices Act. Defendants seek damages and attorney fees pursuant § 42-110 (g) of the General Statutes.
Section 36a-646 of the General Statutes which is part of the Creditors Collection Practice Act, 36a-645 to 36a-647 inclusive, states that "no creditor shall use any abusive, harassing, fraudulent, deceptive or misleading representation, device or practice to collect or attempt to collect any debt." Section36a-647 of the General Statutes which is also part of the Creditors Collection Practice Act authorizes the commissioner to adopt such regulations as may be necessary to carry out the purposes of § 36a-645 to 36a-647 inclusive of the General Statutes, including but not limited to, specifying those acts which are deemed to be in violation of § 36a-646 of the General Statutes.
Section 36a-647-2 of the regulations contain a number of definitions: "Consumer" debtor means any natural person residing in this state to whom credit for personal, family or household purposes has been extended or who was otherwise obligated to pay a debt, "Creditor" means any person who in the ordinary course of business extends credit to a consumer debtor. The court construes these regulations to require that the extension of credit to a consumer debtor be voluntary, it would appear m this case that the creditor did not voluntarily grant the right to a debtor to defer payment of the rent or incur the debt and defer its payment.
Section 36a-647-3 regulates communications by any creditor with any person other than the consumer debtor for the purpose of acquiring location information about the consumer debtor. The CT Page 13817 credible evidences in this instance indicates to the court that the debtor voluntarily gave the creditor his business address and telephone number and in fact communicated with the creditor voluntarily from his place of employment on numerous occasions.
Section 36a-647-4 regulates communications between the creditor and the consumer debtor, Subsection three is specific requiring that a creditor may not communicate with a consumer debtor in connection with the collection of any debt at the consumer's place of employment if the creditor knows or has reason to know that the consumer debtor's employer prohibits the consumer debtor from receiving such communicating. The defendants claim that the evidence compels the conclusion that the plaintiff violated the regulation. The court finds that the defendant voluntarily invited such communications and voluntarily participated in many of these communications.
Section 36a-647-5 regulates certain conduct prohibiting a creditor from engaging in any conduct the natural consequences of which to a reasonable person would be to harass and abuse such person in connection with the collection of a debt. The section further states that a creditor may not intentionally engage in any conduct which he knows would harass or abuse any person. The section sets out a variety of conduct which it deems a violation of this section. The defendants offered evidence suggesting that the plaintiff violated Subsection E which prohibits causing a telephone to ring or engaging any person in telephone conversations repeatedly or continuously if the natural consequence of such action to a reasonable person is annoyance, abuse and harassment. The court concludes that the evidences offered with regard to this specific violation would not rise to the level of the fair preponderance proof that is required in a civil case.
Section 36a-647-6 states that a creditor may not use any fraudulent, deceptive or misleading representation device or practice in connection with the collection of any debt and without limiting the general application of the foregoing stipulates that the following conduct is a violation of this section. The defendant claims plaintiff violated Subsection K-1 which provides as follows:
 "Except as otherwise provided for communications to acquire location information under section 36a-647-3 of these regulations, the failure to disclose clearly in all CT Page 13818 communications made to collect a debt or to obtain information about a consumer debtor that the creditor is attempting to collect a debt and that any information obtained will be used for that purpose."
The court finds that the evidence on this claimed violation is in conflict with other evidence submitted on the counterclaim and is insufficient to support a finding that a violation occurred. Finally § 36a-647-7 provides specifically that a creditor shall not be found to violate any provisions of §36a-647-1 to 36a-647-7 inclusive of the regulations of Connecticut State Agency, if the creditor proves by preponderance of the evidence that the violation was not intentional. The court is satisfied that the creditor has proved by a fair preponderance of the evidence that the violations alleged were not intentional.
After considering all the credible evidence offered including the stipulations of the defendant that the sum of $3,000.00 is owed to the plaintiff, the court finds the plaintiff has sustained his burden of proof on his complaint and also on his obligation to prove by a fair preponderance that any violation on his part was not intentional.
Accordingly Judgment may enter for the plaintiff in the amount of $3,076.32, plus interest in the amount of $644.00. Costs are awarded to plaintiff.
Judgment may enter for the plaintiff on the counterclaim.
Dorsey, J. Judge Trial Referee